UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-11-044-EFS |
| Plaintiff, | NO. CR-06-0113-EFS |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE and RESETTING SUPERVISED-RELEASE-VIOLATION HEARING** |
| ANTHONY EDYLE BURKE, | |
| Defendant. | |

A hearing occurred in the above-captioned matter on May 5, 2011, in these criminal matters. Defendant Anthony E. Burke was represented by Pete Schweda. Assistant U.S. Attorney Thomas Rice appeared on behalf of the U.S. Attorneys Office (USAO). Before the Court in CR-11-2044-EFS was Defendant's Motion to Dismiss Indictment with Prejudice (ECF No. 13), which seeks dismissal because he was not in custody on April 27, 2010, and therefore could not "escape" under 18 U.S.C. § 751(a). The USAO opposes the motion, contending Defendant was in custody because his liberties were sufficiently restricted during the Court-ordered residential reentry center (RRC) stay. After reviewing the submitted material and relevant authority and hearing from counsel, the Court granted Defendant's motion for the reasons set forth below. The supervised-release violation hearing in CR-06-113-EFS then commenced. The Court accepted Defendant's admissions to the three charged supervised-release violations and set a hearing to address punishment.

ORDER ~ 1

**A.   Background**

On September 29, 2009, Defendant was sentenced to seven months and twenty-one days for supervised-release violations in CR-06-113-EFS.  He was also ordered to serve twenty-eight months of supervised release — 180 days of which was to be served at an RRC:

> Defendant shall reside in a residential reentry center for a period up to 180 days.  This placement may include a pre-release component, day reporting and home confinement (with or without electronic monitoring but not include GPS) at the direction of the CCM and USPO.  Defendant shall abide by the rules and requirements of the facility, Defendant shall remain at the facility until said 180 days has been completed.

(CR-06-113-EFS:  ECF No. 136 at 5, No. 17.)

Defendant completed his imprisonment sentence and began supervised release on March 19, 2010.  In compliance with the supervised-release RRC requirement, Defendant resided at the Spokane Residential Reentry Center (SRRC).  The SRRC's rules and conditions 1) required keeping his room orderly, 2) prohibited any food or beverage in the sleeping area, 3) subjected living areas and persons to random search, 4) assigned cleaning tasks, 5) restricted certain personal property, 6) prohibited smoking on the property, 7) restricted visitation, and 8) required regular urine and breathalyzer testing.   (ECF No. 18-1.)   The SRRC's Handbook warned, "[a]ny resident who is arrested for violation of a law must be charged with Escape/Abscond."  *Id.* at 19.

On April 27, 2010, Mr. Burke failed to return to SRRC.  As a result, SRRC terminated his placement and reported him to the Eastern District of Washington's Probation Office and the Bureau of Prisons (BOP) as an absconder, not an escapee.  The next day in Montana Defendant was arrested for felony criminal endangerment and later convicted and sentenced for that crime by a Montana court.  Defendant was then returned

ORDER ~ 2

to this district to appear for his supervised-release violations.    On
March 22, 2011, a new Indictment charged Defendant with escape:

> On or about April 27, 2010, at Spokane, in the Eastern District
> of Washington, ANTHONY EDYLE BURKE, did knowingly escape from
> the custody of a residential re-entry center, a facility in
> which he was lawfully confined at the direction and by virtue
> of a judgment in a criminal case filed September 29, 2009, in
> the United States District Court for the Eastern District of
> Washington upon conviction for the felony of possession of
> ammunition by a person who has previously been committed to a
> mental institution, in violation of 18 U.S.C. § 922(g)(4), by
> willfully failing to return to the facility as required, all
> in violation of 18 U.S.C. § 751(a).

(CR-11-2044-EFS:   ECF No. 1.)

**B.    Authority and Analysis**

Section 751(a) provides:

> (A) Whoever [1] *escapes* or attempts to escape [2] *from the
> custody of the Attorney General or his authorized
> representative*, or from any institution or facility in which
> he is confined by direction of the Attorney General, or from
> any *custody under or by virtue of any process issued under the
> laws of the United States by any court*, judge or magistrate
> judge, or from the custody of an officer or employee of the
> United States pursuant to lawful arrest, shall, [3] *if the
> custody or confinement is by virtue of* an arrest on a charge
> of felony, or *conviction of any offense*, be fined under this
> title or imprisoned not more than five years, or both;. . . .

18 U.S.C. § 751(a) (emphasis added).    Here, only the second element —
custody — is disputed.

In *United States v. Baxley*, the Ninth Circuit commented upon the
term "custody" as used in § 751(a).    982 F.2d 1265, 1270 (9th Cir. 1992).
The defendant in *Baxley* was released pending trial with a special
condition that he reside in a halfway house.[1]    The defendant did not

---

[1]    For purposes of this Order, the Court need not differentiate
between an RRC and a halfway house because Defendant's stay at the RRC
was not part of imprisonment but rather a supervised-release condition.

ORDER ~ 3

return to the halfway house and was charged with escape under § 751(a). The Ninth Circuit noted "custody" is a term that varies when used in different contexts and found the defendant's pretrial-release conditions more analogous to probation rather than to custody given that the defendant was allowed to go to work and leave the facility as long as he logged the time, purpose, and duration of his trips. *Id.* at 1269. The Ninth Circuit added, "[i]f an individual violates probation, he is not tried for escape; rather, this probation is revoked, and he can be indicted for escape only if he thereafter fails to report for custodial incarceration." *Id.* at 1269-70. *See also United States v. Person*, 223 F. Supp. 982 (S.D. Cal. 1963) (finding that individual who was paroled and failed to return to halfway house was not in custody for purposes of § 751(a)). Accordingly, the Ninth Circuit held the defendant was not custody under § 751(a). *Id.* at 1270.

The USAO submits *Baxley* is distinguishable and encourages the Court to follow *United States v. Kates*, --- F. Supp. 2d ---, 2011 WL 1256848 (W.D.N.Y. Apr. 1, 2011), and *United States v. Sack*, 379 F.3d 1177 (10th Cir. 2004). Like Defendant Burke, the defendant in *Kates* was required to stay in a halfway house as a condition of his supervised release. The district court interpreted custody broadly and found the defendant's failure to return to the court-ordered halfway house constituted escape from custody under § 751. Similarly, the Tenth Circuit in *Sack* found the defendant, who was ordered to reside in a halfway house as a requirement of pretrial release, was in custody for purposes of § 751. The Tenth Circuit emphasized custody is to be interpreted broadly and noted the restrictions at the halfway house were sufficiently limiting so as to constitute custody for purposes of § 751. *Id.* at 1179 n.1. The Tenth

ORDER ~ 4

Circuit even noted that a defendant who escapes from a court-designated third-party custodian, such as a designated family member, would be in custody for purposes of § 751.  The Tenth Circuit disagreed with *Baxley's* determination that a halfway house is not sufficiently restrictive to constitute custody.  *Id.* at 1181

The Court concludes *Sack* and *Kates* interpret custody too broadly for purposes of § 751(a).  An individual who is on release, either pretrial or post-imprisonment, enjoys much more liberty than an individual who is in traditional custody, even if that individual must reside in a halfway house.  Applying custody too broadly would violate the rule of lenity. *See Liparota v. Untied States*, 471 U.S. 419, 427 (1985) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity."); *Baxley*, 982 F.3d at 1270.

Many of the rules and requirements at the SRRC mirror Defendant's standard supervised-release conditions: 1) travel restriction within the judicial district, 2) report and be truthful to the probation office, 3) work regularly at a lawful occupation, and 4) not associate with felons unless given permission by the probation office.  In addition, Defendant's special supervised-release conditions require him to: 1) submit his person and residence to reasonable searches, 2) not access information regarding bomb making, terrorism, or false identification, 3) not possess knives, weapons, GPS systems, police scanners, or similar items, and 4) abstain from alcohol and non-prescribed controlled substances and submit to testing to ensure abstention.  The differences between Defendant's supervised-release conditions and the remaining SRRC restrictions, e.g., 1) refrain from smoking, 2) advise SRRC of his

ORDER ~ 5

comings and goings, 3) abide by curfew, and 4) limit visitors, are not sufficient to constitute custody.

The Court recognizes custody is defined broadly and need not involve physical restraint. *See United States v. Keller*, 912 F.2d 1058 (9th Cir. 1990). Other than *Kates* and *Sack*, the cases in which the courts found custody addressed whether an individual was constructively in custody. *See id.* at 1060 (finding that imposed sentence was effective and therefore the defendant, who failed to report to jail as required by the court during sentencing, was in custody); *United States v. Gowdy*, 628 F.3d 1265, 1268 (11th Cir. 2010) (finding individual who was mistakenly released after state sentence even though a federal detainer was in place and who was advised that he needed to turn himself in to federal custody was in custody when he failed to report as agreed); *United States v. Evans*, 159 F.3d 908, 912-13 (4th Cir. 1998) (finding prisoner who escaped during execution of a state writ of habeas corpus ad prosequendum was still in federal custody). Further, unlike the defendant in *United States v. Jones*, Defendant was at SRRC as a condition of his supervised release following completion of his imprisonment sentence — not at the direction of BOP as a portion of his imprisonment sentence. 569 F.2d 499 (9th Cir. 1978) (finding individual who resided at a halfway house as part of his imprisonment sentence was in custody for purposes of § 751(a)). Accordingly, this Court's ruling that Defendant was not in custody while residing at SRRC as a condition of his supervised release is consistent with Ninth Circuit, Fourth Circuit, and Eleventh Circuit case law. The Court's finding is also consistent with the following principles: 1) a violation of supervised release is not a misdemeanor or conviction, *see United States v. Green*, 797 F.2d 855, 858 (10th Cir.

ORDER ~ 6

1986), 2) the restrictions at a halfway house are significantly less than those at a custodial facility, *see Baxley*, 982 F.2d at 1269, and 3) the purpose behind § 751(a) is to reduce the likelihood of escape from official custody, which often involves violent and menacing behavior, creating a risk to the guards and custodians, *see United States v. Brown*, 333 U.S. 18, 21 n.5 (1948).

**C.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.   Defendant's Motion to Dismiss Indictment with Prejudice **(ECF No. 13)** is **GRANTED**.

2.   The Indictment **(ECF No. 1)** is **DISMISSED with prejudice**.

3.   Defendant shall remain in custody pending resolution of his admitted supervised-release violations in **CR-06-113-EFS** on **Thursday, July 7, 2011, at 8:30 a.m. in SPOKANE**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshal's Office.

**DATED** this ____6th____ day of May 2011.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                     United States District Judge
Q:\Criminal\2011\0044.dismiss.wpd